UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARION T. BEAVEN,            )<br>       )<br>       Plaintiff      )<br>       )<br>   vs.       )   CAUSE NO. 3:04-CV-160 RM<br>       )<br>EVELYN RIDLEY-TURNER, *et al.*,   )<br>       )<br>       Defendants    )| |

OPINION AND ORDER

Marion Beaven submitted the complaint in this case while he was a prisoner confined at the Miami Correctional Facility ("MCF"). The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several claims and defendants, and allowed Mr. Beaven to proceed against John VanNatta, Bruce Helming, Chad Barr, Natalie White, L. Woodruff, and Randell McGaugh in their personal capacities for damages on his claims that they retaliated against him for filing grievances and were deliberately indifferent to his serious medical needs. The court has dismissed defendant Woodruff pursuant to FED. R. CIV. P. 4(m).

The defendants move for summary judgment, pursuant to FED. R. CIV. P. 56, solely on the question of whether Mr. Beaven exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Mr. Beaven hasn't responded to the defendants' summary judgment motion. For the reasons that follow, the court grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot

> rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of their summary judgment motion, the defendants submit the declaration of MCF Grievance Specialist Amy Clark, who states that she is the custodian of the records of grievances filed at the MCF, that she searched the records for any grievance filed by Mr. Beaven. The defendants also submit copies of grievances filed by Mr. Beaven.

Mr. Beaven alleged in his complaint that the defendants retaliated against him for his having filed institutional grievances. Ms. Clark attaches several of Mr. Beaven's grievances to her declaration, none of which deal with retaliation, and states in her declaration that he "did not submit any other grievance that could relate to retaliation or denial of adequate health care." (Clark declaration at p. 3). Because the defendants met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Beaven to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether he filed grievances dealing with retaliation. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Mr. Beaven has not met that burden because he has not provided admissible evidence that he grieved any question of retaliation.

In his complaint, Mr. Beaven alleges that the defendants were deliberately indifferent to his serious medical needs "from January 2002 through February 2003, at MCF, Minimum Housing Unit 'MHU' where Plaintiff Beaven who has diabetes and hypertension was not fed [a] medical diet." (Complaint at p. 3). The defendants submit grievance number 2003-5-426, in which Mr. Beaven asserted that he was "denied health care services at a minimum security release program." This appears to be the grievance Mr. Beaven filed dealing with his treatment at the MHU.

According to the defendants' submissions, step one of the Indiana Department of Correction's grievance procedure occurs when an inmate files a formal grievance. A grievance specialist investigates the grievance and responds. If the inmate is not satisfied with the response, he may appeal to step two of the process. There are a total of five steps to complete the grievance procedure. A prisoner who does not take a timely administrative appeal of a grievance denial has not exhausted his administrative remedies for purposes of § 1997e(a). <u>Pozo v. McCaughtry</u>, 286 F.3d 1022 (7th Cir. 2002). According to the MCF records, Mr. Beaven did not appeal the denial of grievance number 2003-5-426, so he did not exhaust his administrative remedies on the issues presented in that grievance.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #39), and court DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: April 18, 2005

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court

4